UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian Kieth Brumett, | ) | C/A No. 4:16-2941-BHH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Wayne Byrd; Detris Curtis, *Magistrate Judge*; | ) | |
| Henry Gibson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Brian Kieth Brumett, proceeding pro se and in forma pampers, brings this action pursuant to 42 U.S.C. § 1983. He is a pretrial detainee at the Darlington County Detention Center.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Publ. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Nusku v. Williams, 490 U.S. 319 (1989), Haines v. Keener, 404 U.S. 519 (1972), NASI v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).



However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

### Discussion

In his Complaint, Plaintiff complains about his pending prosecution in the Court of Common Pleas for Darlington County.[1] He states that he was arrested on June 10, 2016, and claims that on June 11, 2016, he was served with a warrant for possession of narcotics. This warrant contained a list of items found in a bag, including .2 grams of methamphetamine, that arresting officer Defendant Henry Gibson stated was in Plaintiff's possession. Plaintiff alleges that Gibson then served him with another warrant on June 12, 2016, which charged Plaintiff with manufacturing .2 grams of methamphetamine. Plaintiff identifies pseudoephedrine as being the primary ingredient in methamphetamine, and Plaintiff contends that because pseudoephedrine was not listed in Gibson's affidavit, it cannot be shown that Plaintiff manufactured methamphetamine. He also claims that the

---

[1] Records from Darlington County reveal that Plaintiff was arrested on June 11, 2016, on charges of drugs/manufacture meth, 1st and drugs/possession of narcotic, 1st offense. Surety bonds were set on June 11, 2016, and the charges remain pending. Darlington County Fourth Judicial Circuit Public Index, http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2016A1610200092&CaseType=C&HKey=98836772788185908254107835385831111145751791076750498869781077551102491085065785282102705510789; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2016A1610200093&CaseType=C&HKey=111101651185471114114110697051877597775845411998865053758510354118104551047367781045356846697111 65456 (last visited Sept. 21, 2016).



2

.2 grams of substance found in his bag cannot be identified as methamphetamine without a lab analysis.

Plaintiff asserts that the warrants are invalid because Gibson deliberately left out the fact that Gibson did not find the bag containing drug-making ingredients on Plaintiff's person, but found the bag approximately 100 yards away from Plaintiff. Additionally, Plaintiff claims that he has witnesses who can verify that he had no bag with him at the time of the arrest, and that if officers have photographs the photographs will show that no bag was with Plaintiff. Plaintiff further complaints that Defendant Wayne Byrd, the Sheriff of Darlington County, allegedly has refused to give Plaintiff a supplemental incident report, that Defendant Detris B. Curtis, a magistrate for Darlington County, has not given him a preliminary hearing, and that he has not met with his assigned public defender. Complaint, ECF No. 1 at 6-7. Plaintiff requests monetary damages as well as declaratory and injunctive relief for alleged violations of his Fifth and Fourteenth Amendment rights. Id. at 8-10.

First, to the extent that Plaintiff is requesting to be released from incarceration, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his



3

confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"].

Additionally, Plaintiff is attempting, through the filing of this action, to have this Court intervene in the criminal case pending against him in state court. However, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts]. Even so, Plaintiff is not foreclosed from raising the issues alleged in his Complaint and having them ruled on in his ongoing state criminal prosecutions by a state court Judge.

Plaintiff would not have a claim in this federal court pursuant to § 1983 unless and until the underlying criminal charge has been dismissed or otherwise resolved in the plaintiff's favor.



4

See Heck, 512 U.S. at 486-487; Brown v. Gardner, Civil Action No. 3:14-4635-TMC, 2015 WL 893344, at *5-*6 (D.S.C. Mar. 3, 2015). Thus, Plaintiff's claims for monetary damages for malicious prosecution are subject to summary dismissal because a right of action has not yet accrued. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff](emphasis added), cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."].[2]

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

September 23, 2016  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[2] Additionally, even if this case was otherwise able to proceed, Defendant Judge Curtis, a state court magistrate, is entitled to absolute judicial immunity from suit for all actions taken in her judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges]. Therefore, she is entitled to dismissal as a party Defendant in any event.

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

6

