IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Kieth Brumett, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Wayne Byrd; Detris Curtis, *Magistrate* )<br>*Judge*; Henry Gibson, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 4:16-2941-BHH<br><br>**ORDER** |

This matter is before the Court upon Brian Kieth Brumett's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff, who is a pretrial detainee at the Darlington County Detention Center, raises various claims about his June 2016 arrest and his pending prosecution in the Court of Common Pleas for Darlington County.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On September 23, 2016, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process.

In his Report, the Magistrate Judge first noted that habeas corpus is Plaintiff's exclusive remedy to the extent he is requesting to be released from incarceration. Second, the Magistrate Judge noted that it would be improper for this Court to interfere with the state court's pending criminal proceedings against Plaintiff. Finally, the Magistrate Judge noted that Plaintiff's claims for monetary damages are subject to summary dismissal

because a right of action has not yet accrued, as Plaintiff cannot show that the underlying criminal charges have been dismissed or otherwise resolved in his favor. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff's complaint is subject to summary dismissal.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 11) and dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 18, 2016
Charleston, South Carolina